FILED
2016 Feb-25  PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TAMEKA SHEARER,          }
                    }
    Plaintiff,       }
                    }    CIVIL ACTION NO.
v.                   }
                    }    2:16-cv-162-WMA
JUDGE CLYDE JONES,    }
                    }
    Defendant.      }

**MEMORANDUM OPINION**

Before the court is the putative conflict of pro se plaintiff Tameka Shearer filed on January 29, 2016.[1] (Doc. 1). On February 3, 2016, Magistrate Judge Putnam entered a reassignment order on the basis that the case on its face is due to be dismissed following a review pursuant to 28 U.S.C. § 1915. (Doc. 5). Accordingly, on February 4, 2016, the Clerk reassigned the above-entitled case to the undersigned. (Doc. 6).

For the reasons stated below, the court will by separate order dismiss the putative action.

Where a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

---

[1] While the complaint purports to be filed by Tameka Shearer and TaDarrius Parker, the complaint is signed only by Ms. Shearer, who is not an attorney, and cannot therefore represent Mr. Parker, her adult son. (Doc. 1). Therefore, the only proper plaintiff to this action is Ms. Shearer.

relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2).

### FRIVOLOUSNESS & FAILURE TO STATE A CLAIM

"A case is frivolous if (1) the factual allegations are "clearly baseless" or (2) it is based on a[n] 'indisputably meritless legal theory.'" *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).  "A complaint fails to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Id.* (citing *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022-23 (11th Cir. 2001).

A review of the instant pleading makes clear from the face of the complaint that the claim is both without a factual or legal basis.  Ms. Shearer's complaint consists of her allegations that, during the course of her son's criminal case, state-court Judge Clyde Jones was rude and "very unjust." (Doc. 1 at 2).  Similarly, the only damages she alleges to have suffered (as opposed to any claim that her son may be able to assert) is that the judge was "nasty and disrespectful," caused her to have "tears in [her] eyes," and denied her request that he rule on her son's pending Rule 32 petition while she waited in the courtroom. (Doc. 1 at 4).

Moreover, even if the complaint were construed to allege a claim on behalf of Mr. Parker, his claim in this civil action would

be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (civil tort actions are not proper vehicles for an action for damages that rest upon a finding that a criminal conviction was unlawful). To the extent that Mr. Parker is attacking his conviction, the legality of his custody, or is seeking release from custody, "his **sole federal remedy** is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (emphasis added).

## JUDICIAL IMMUNITY

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Franklin v. Arbor Station, LLC*, 549 F. App'x 831, 834 (11th Cir. 2013) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349 (1978)).

The only defendant in this action, a sitting state-court judge, is immune from suit on the basis of judicial immunity. Ms. Shearer alleges that the Judge Jones was "unjust" and "rude" (Doc. 1 at 2), conduct that, even if accepted as true, falls within the scope of judicial immunity.

**CONCLUSION**

The court by separate order shall dismiss the above-entitled case on the basis that it is frivolous, fails to state a claim, and is barred by judicial immunity. 28 U.S.C § 1915(e)(2)(i)-(iii).

**DONE** this 25th day of February, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE